BOUTALL, Judge.
William P. Bosworth, Jr. brought suit against Vincent Restivo, Jr. praying for a dissolution and liquidation of an alleged partnership existing between them, for an accounting, and for a writ of sequestration seizing the partnership’s assets. The defendant contends that there was no partnership in existence between the parties. The trial court found in favor of the defendant and dismissed plaintiff’s suit. Plaintiff has appealed.
The main issue before us is whether there was a partnership between the parties. If a partnership did exist, there can be no doubt that once the partners had agreed to bring their relationship to an end, plaintiff was entitled to have a partition and liquidation of the partnership’s assets.
LSA-C.C. Art. 2801 defines partnership as follows:
“Art. 2801. Partnership is a synallag-matic and commutative contract made between two or more persons for the mutual participation in the profits which *16 may accrue from property, credit, skill or industry, furnished in determined proportions by the parties.”
For an explanation of the requirements of partnership contained in the above cited article and those following codal articles relating to general provisions of partnership, we refer to the case of Darden v. Cox, 240 La. 310, 123 So.2d 68 (1960), from which we quote the following at 123 So.2d 71:
“[3, 4] The Civil Code and the jurisprudence set out several things which are necessary to a business relationship before it can be considered a partnership as between the parties to it. First, the parties must have mutually consented to form a partnership and to participate in the profits which may accrue from property, skill or industry, furnished to the business in determined proportions by them. Arts. 2801, 2805 of the Civil Code; Labat v. Labat, 232 La. 627, 95 So.2d 129. Secondly, all parties must share in the losses as well as the profits of the venture. Art. 2814 of the Civil Code; Amacker v. Kent, 144 La. 545, 80 So. 717. Thirdly, the property or stock of the enterprise must form a community of goods in which each party has a proprietary interest. Art. 2808 of the Civil Code; Belden v. Read & Hunt, 27 La. Ann. 103; Chaffraix & Agard v. Lafitte & Co., 30 La.Ann. 631; Shushan Bros. & Co. v. Drennan & Hillcoat, 158 La. 480, 104 So. 214. Even if the parties call their relationship a partnership, and agree that they gave their mutual consent to form it, it will not be considered a partnership, as between the parties, unless it is evident that the other two factors result from their agreement. In the case of Amacker v. Kent, supra [144 La. 545, 80 So. 720], this Court held on this subject as follows:
“ ‘If it be found that they have agreed upon all those matters which, in law, constitute a contract of partnership, it must be presumed that they intended that contract. If, on the other hand, some essential element to that contract is omitted, it is not a contract of partnership, no matter what it may be called.’ ”
In his reasons for judgment the trial judge gave lengthy and detailed findings of fact, together with the conclusions he reached from those facts. In reaching some of the conclusions, the trial court considered very carefully the conflicting testimony given by plaintiff Bosworth on the one hand and defendant Restivo on the other, and he resolved most of these in favor of Restivo commenting: “Some of the ‘theory’ advanced by Bosworth was totally unbelievable and unsupported (i. e. $26,000 in cash advances).” When there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court’s finding, on review the appellate court should not disturb this factual finding in the absence of manifest error. Canter v. Koehring Company, La., 283 So.2d 716 (1973). An examination of the record demonstrates a reasonable factual basis that no partnership existed between the parties and the judgment should be affirmed.
It is apparent from the testimony that the original business proposition proposed between the two men was to be a partnership in which each would share equally. The initial proposal was >that Bosworth was to furnish the premises at a reasonable rent and was to furnish the financing and enough cash to operate the business. Res-tivo was to actually conduct the operations. However, by the time the construction on the Odeco Building (owned by one of Bos-worth’s corporations) had reached a stage where occupancy could be considered, the agreement was changed or, perhaps otherwise stated, was never put into effect as intended.
There is considerable conflict in the record amongst the testimony of the witnesses as to what the precise arrangement *17 was then. Bosworth insisted that the partnership arrangement was put into effect. Restivo testified that Bosworth was no longer interested in a commercial partnership, but rather adopted a position wherein he would share in the profits if any, but wait and see how the business turned out before he would decide to become a partner. The only other person who had some knowledge of the agreement between the two was Lowry, the bookkeeper, who testified that Bosworth told him the business was to be a corporation, but that the books were to be set up as a sole proprietorship in Restivo’s name, inasmuch as Bosworth wished to keep his interests a secret from the public at large, and the government in particular. It is noted that the lease agreement was made in favor of Restivo’s, Inc., and signed by Restivo as president, although at that time there was no such corporation in existence. Lowery then testified that he was told to consider the venture as a partnership by the parties.
The only thing that is clear from these variations of testimony is that there was no set agreement amongst the parties that a commercial partnership was entered into and agreed upon at the time that the venture started to do business. Although Bos-worth did arrange for a lease and assisted Restivo in arranging credit and borrowing money from a bank, it is apparent that the cash money that was invested in the business was that money brought into the business by Restivo, not by Bosworth as originally proposed. The confusion surrounding the dealings of the parties at that time may perhaps be explained by the fact that Bosworth was experiencing severe financial difficulties, and because of his uncertain situation, could not participate in the venture as originally intended but instead, as he testified, hoped that he could get some returns from the business to assist him in his general financial picture. To this end, we note that the record reveals that one of Bosworth’s first activities was to borrow some $10,000 from the venture. Additionally, we note that although Bos-worth testified he put about $26,000 cash into the business, there were no records anywhere of such transactions nor any support for his testimony. Indeed the trial judge disbelieved his statements, and our examination of the record substantiates the finding of the trial judge.
Despite the uncertain financial picture, the venture began operations, and although it made some gross profit in its first year of operation, because there was the necessity of repaying the loans made, as well as increasing inventory and keeping up with the current expenses, it was necessary for Restivo to put more capital into the venture to keep it going. Even this did not keep all of the expenses current, and some money was advanced by Bosworth during this time. As a result of this, Bosworth announced to Restivo that he wished to end their association in the venture, and Restivo in turn considered the venture ended between them. Lowry was ordered to prepare a balance of accounts due Bos-worth in order to settle this situation. Subsequent disagreements arose between the parties and this lawsuit followed.
 The record in this case is, generally speaking, somewhat confusing, and there is little extrinsic evidence to resolve the disputes and contradictions in the testimony of the various witnesses. The plaintiff bears the burden of establishing that a partnership existed. However, considering all of the evidence, we are of the opinion that the plaintiff has failed to prove that a partnership was actually agreed upon and begun between the parties. The trial judge, after an exhaustive and thorough analysis of the evidence, was evidently of the opinion that the business venture between them could not be classified as a partnership, but was merely an arrangement between them where Bosworth was to share in the profits of the venture and, when it appeared that the venture might not be successful and was taking more capital outlay to keep it current, that Bos- *18 worth decided to end the venture and the parties mutually agreed to end it.- We are of the opinion that the record reasonably supports this conclusion, and certainly cannot say that the judge erred in reaching this conclusion.
For the reasons assigned, the judgment appealed from is affirmed at appellant’s costs.
Affirmed.